NEW-YORK,
May, 1808.

Sears
v.
Brink & Brink.

## Sears *against* C. Brink and C. Brink, jun.

By the 11th section of the statute to prevent frauds, it is said, " that no person shall be charged upon any promise, &c. unless the *agreement* on which such action shall be brought or some note or memorandum thereof shall be in writing." In an action on an agreement relative to the sale of lands, it was held, that the *consideration* for the promise, as well as the *promise* itself must be in writing.

THIS was an action of *assumpsit.* The first and second counts were upon special agreements, and the third count for money paid, &c. The first count stated, that on the 20th *April,* 1801, by certain articles of agreement, made between the plaintiff and one *Peter Newkirk,* the plaintiff sold to the said *Newkirk* a lot of land, being lot no. 9, containing 120 acres, lying on the *Shawangunk Kill,* and which by articles of agreement, had been sold by *James Farquhar* to *Joel Lyon,* and by *Farquhar* and *Lyon* to the plaintiff, for which *Newkirk* agreed to pay 100*l.* down, and the residue in four equal parts, the first

NEW-YORK,
May, 1808.

Sears
v.
Brink & Brink.

to be paid on the 20th *November*, 1801, and the others before the 20th *November*, 1802, with interest; and the deed was to be executed when the last payment was made ; that afterwards *Newkirk* agreed with the defendants to give up the said bargain for the said land to them, and they agreed to take the same, and the plaintiff also agreed to accept of them in the place of *Newkirk;* that on the 23d *April*, 1803, the defendant signed a note or memorandum of their agreement indorsed on the former articles of agreement, by which they declared that they had taken *Newkirk's* bargain, and were to pay the plaintiff 841 dollars and 91 cents, the balance due for the land ; by reason whereof, &c. the defendants became liable, &c.   The second count was similar to the first, on a special agreement.

The defendant pleaded the general issue, with notice of special matter to be given in evidence.

The cause was tried before Mr. Justice *Spencer*, at the *Orange* circuit in *September*, 1807.   The following are the material facts in the case.   The articles of agreement between the plaintiff and *Newkirk*, and the memorandum of the agreement of the defendants indorsed thereon, were read and proved.   The memorandum was as follows : " This is to certify that *Cornelius Brink* and *Cornelius Brink*, jun. have taken *Peter Newkirk's* bargain of said lot of land that the within article mentions, and the said *C. B.* and *C. B.* jun. is to pay the sum of 336*l.* 15*s.* 4*d.* which is the balance due on the said land to *Benjamin Sears* dated this 23d day of *April*, 1803."

(Signed)                         *Cornelius Brink.*
                                 *Cornelius Brink,* jun.

The counsel for the defendants moved for a nonsuit, on the ground that there was no consideration for the *assumpsit*, and because the contract as stated in the declaration, was not sufficiently proved.

The plaintiff being called on for further evidence, it was proved, that *Newkirk* agreed to give up his bargain to the

defendants, who agreed to take it off his hands, and that the plaintiff consented to accept of them in the place of *Newkirk*, and that the memorandum was accordingly indorsed on the articles of agreement, and signed by the defendants ; that while the plaintiff held the lot he built a house upon it, and made some improvements ; that after the time for payment, according to the articles of agreement with *Farquhar*, had expired, *Farquhar* said that it was no matter, and that whoever brought the original agreement to him should have a deed.

It was further proved, that the plaintiff confessed, after the memorandum was signed, that the agreement between him and *Farquhar* was forfeited ; that *C. Brink*, jun. went into possession of the land under the agreement between the plaintiff and defendants. The defendants also produced in evidence a deed from *Farquhar* to *C. Brink*, jun. for the lot, dated 10th *April*, 1804, for the consideration of 1,000 dollars.

The plaintiff also proved, that at the time the memorandum was made, he told the defendants, that the agreement with *Farquhar*, *had run out*, and that if they bargained with *Newkirk*, they must take it at their own risk which they agreed to do ; and it was agreed that the defendants might go for the deed, and that the plaintiff would let them have the articles of agreement for that purpose ; that the defendants were to pay *Farquhar* for the land, and 57*l*. 17*s*. 6*d*. to the plaintiff ; that the defendants were to pay 405*l*. in the whole, and that they paid to *Newkirk* 170 dollars and 58 cents ; that the improvements were taken into consideration, and the articles of agreement and the papers were delivered to *C. Brink*, jun. the day after the memorandum was signed. The jury found a verdict for the plaintiff for 189 dollars, and 37 cents, subject to the opinion of the court, on a case, containing the above facts ; and it was agreed, that if the court should be of opinion that the plaintiff was entitled to recover, the verdict was to stand, otherwise, a judgment of nonsuit was to be entered.

On the argument of the cause, several points were
made, but from the opinion delivered by the court, it is ne-
cessary to notice but one of them, viz. that *Newkirk* not
being a party to the contract, it was void by the statute of
frauds, for want of a consideration.

*J. Hamilton,* for the plaintiff contended, that as the
plaintiff had a good right of action against *Newkirk* which
by request of the defendants he agreed to relinquish, and
to accept of them in his place, this alone was a sufficient
consideration to support the *assumpsit ;* for the release of
*Newkirk* was giving up a benefit or advantage, and that
the defendants went into possession under the agreement,
and enjoyed all the benefit of it. Besides, this agreement
was reduced to writing, and there was a sufficient note or
memorandum according to the statute of frauds, to sup-
port an action. It is enough that the memorandum is
signed by the party who is to be charged. The statute
says that there must be *some* note in writing, which seems
to imply, that the whole agreement need not be in writing,
but that *parol* evidence may also be admitted. He cited
*Pillans* and *Rose* v. *Van Mierop* and *Hopkins,* (3 *Burrow,*
1663.) 1 *W. Black.* 363. 1 *Caines,* 45. 175. 2 *Caines,*
150. 2 *Supp. to Viner,* 262.

*Sudam,* contra. *Newkirk* ought to have been a party
to the agreement. The plaintiff had no title. If there
was any interest in the land, it was in *Newkirk.* He had
a right, on payment of the money, to call on the plaintiff
for a deed, pursuant to their agreement. Where money
is paid for land to a person who has no title, it may be re-
covered back ; and the want of title in the plaintiff may
be set up as a ground of defence against this action, not-
withstanding the agreement. This was not an agreement
to pay the debt of another, and if it were, it would be
equally void for want of a consideration. If any thing, it
is a contract for the purchase of land ; and if there was
any consideration, it must have moved from *Newkirk.*
He and the defendants are the proper parties, and the as-
sent of *Newkirk,* as well as the consideration ought to

NEW-YORK,
May, 1808.

Sears
v.
Brink & Brink.

*5 *East*, 10.
See *Roberts on Frauds*, 116—121. 6 *East*, 307.

† See *Ballard v. Walker*, decided in *January Term*, 1802. *Rann* v. *Hughes*, 7 *Term*, 350. in the note. *Roberts on Frauds*, 7.

appear in the contract. The want of a consideration cannot be supplied by *parol* evidence.

In the case of *Waine* v. *Warlters*,* it was decided, that the consideration of a promise, as well as the promise itself, must be in writing, and that by the statute of frauds *parol* evidence is inadmissible to show the consideration.

VAN NESS, J. delivered the opinion of the court. The first count in the declaration which is a special one, is that on which the plaintiff is to recover, if at all.

The consideration to support the defendants' promise is averred to be, that *Peter Newkirk* agreed to assign or give up to the defendants, the contract for the lot of land mentioned in the case. This is a material averment and must be proved, or the plaintiff must fail.

It has been urged, that a promise in writing without a consideration is valid, and the case of *Pillans & Rose* v. *Van Mierop & Hopkins*, has been relied upon to support that position : But that case has been overruled both here and in *England*.† A promise in writing, without a legal consideration to sustain it, is as much a *nudum pactum*, as a parol promise. It was never the intention of the legislature to render that a valid contract when reduced to writing, which would not be so without it.

It remains then to be seen, whether the plaintiff has given any legal evidence of the consideration stated in the declaration ; and this depends upon the true construction of the eleventh section of the statute for the prevention of frauds.

On the part of the plaintiff it is contended, that the consideration may be proved by *parol*, though it is admitted that the promise must be in writing.

On the part of the defendants, it is insisted, that the consideration as well as the promise must be in writing, and that parol evidence can in no case be received to prove the consideration. The words of the statute are, " That no action shall be brought, &c. to charge, &c. upon any special promise, to answer for the debt of another, or to charge any person, upon any agreement made

upon consideration of marriage, or upon any contract or sale of lands, &c. or any interest in or concerning them, &c. unless the agreement on which such action shall be brought, or some note or memorandum thereof shall be in writing, signed by the party to be charged therewith," &c.

I am clearly of opinion, that the consideration as well as the promise must be in writing. The statute provides that the party shall not be charged, unless the *agreement* upon which the action shall be brought, be in writing. This means the whole agreement, of which the consideration forms an essential and material part.

It is as necessary to the prevention of fraud and per-jury, that the consideration which leads to the promise should be in writing, as the promise itself. The word *agreement* comprehends the consideration as well as the promise. This is the construction which has been given to the statute, in a late case decided in *England;* and it appears to be a sound construction, and one which this court is disposed to adopt.

\* *Waine* v. *Warlters,* 5 *East,* 10.

The contract mentioned in the case, and upon which the present suit is brought, does not set forth the consideration with sufficient precision and certainty; if the parol evidence be excluded, the consideration is not proved, and the plaintiff must, therefore, fail.

The decision of this point renders it unnecessary to give any opinion on the other questions which were made on the argument.

The court are, therefore, of opinion, that according to the provision in the case, there must be a judgment of nonsuit.

Judgment of nonsuit.