Daniel, Judge;
dissentiente. — The act of assembly passed in the year 1819, declares, “ that all contracts to sell or convey any lands, tenements or hereditaments, or any interest in or concerning them, shall be void and of no effect, unless such contract or some memorandum or note thereof, shall be put in writing and signed by the party to be charged therewith, or some other person thereto by him lawfully authorised; except contracts for leases not exceeding the term of three years.” The question to be decided is, whether the consideration is such a part of the contract, as must necessarily be set forth in the writing to make it good and available under the statute 1
The British statute of frauds, 29 Charles 2nd, enacting upon this subject, makes use of the word agreement instead of the word contract, as is mentioned in our statute. The words are synonymous, and the same construction which has been put upon the British statute, I think ought to be placed upon ours. Wain v. Warlters, 5 East, 10, decided in 1804, was an undertaking to pay the debt of another. The written engagement signed, was in these words, “Messrs. Wain & Co.; I will engage to pay you by half past 4 this day, £56, and expenses on bill, that amount, on Hall. (Signed.) Jno. Warlters, (dated) April 30th, 1803.” It was objected that the writing did not express the consideration of the defendant’s promise, and that this omission could not be supplied by parol testimony, (which the plain *109 tiff proposed calling,) and that for want of such consideration appearing upon the face of the written memorandum, it stood simply, an engagement to pay the debt of another without any consideration, and was therefore nudum pac-tum and void. Lord Ellenborough, upon a view of the statute of frauds, which avoids any special promise to pay the debt of another, “ unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith,” &c. thought that the term agreement imported the substance, at least, of the terms, on which both parties consented, and included the consideration moving to the promise, as well as the promise itself; and the agreement in this sense, not having been reduced to writing, for want of including the consideration of the promise, he thought it could not be supported by parol evidence, which it was the.object of the statute to exclude; and therefore non-suited the plaintiff. A rule nisi was obtained, for setting aside the non-suit, and granting a new trial, on the ground that the statute only required the promise or binding part of the contract to be in writing, and that parol evidence might be given of the consideration, which did not go to contradict it, but to explain and support the written promise. After argument in the King’s Bench, the rule was discharged. Lord Ellenborough in delivering his opinion, said, “ it seems necessary for effectuating the object of the statute, that the consideration should be set down in writing, as well as the promise; for otherwise the consideration might be illegal, or the promise might have been made upon a condition precedent, which' the party charged may not afterwards be able to prove, the omission of which would materially vary the promise, by turning that into an absolute promise, which was only a conditional one; and then it would rest altogether on the consciences of the witnesses, to assign another consideration in the one case, and to drop the condition in the other, and thus to introduce the very frauds and perjuries, which it was the object of the act to exclude, by requiring that the agreement should be reduced into writing, by which the consideration as well as the promise would be rendered *110 certain.” All of the other Judges gave their opinions, and concurred with his lordship. The rule in this case was followed in New York, in Sears v. Brink, 3 John. 210; Leonard v. Vredenburg, 8 John. 29. Also in New Hampshire, Neelson v. Sanborne, 2 New Hamp. Rep. 414. But in Massachusetts, where the statute of frauds is nearly a verbatim copy of the British statute, the rule is rejected, and parol evidence admitted to prove the consideration. Lent v. Padelford, 10 Mass. Rep. 230; Packard v. Richardson, 17 Mass. Rep. 122. So in New Jersey, Barkley v. Beardsley, 2 South. 570. In Connecticut, Judge Swift has made a vigorous attack upon Wain v. Warlters. (Note to the A merican edition of East.) Chief Justice Parker, in delivering his opinion in Packard v. Richardson, which was in 1821, predicted that Wain v. Warlters would not be recognised as law, if the principle ever came to be again examined in any of the Superior Courts at Westminster. In this he was mistaken, for in that very year, the question was again brought before the King’s Bench, in the case of Saunders v. Wakefield, 4 Barn. & Aid. 595, (and 6 Eng. Com. Law Reps. 530,) when all the authorities were referred to by counsel, and the Judges gave their opinions seriatim, and affirmed the doctrine laid down in the case of Wain v. Warlters. They say, that by the fourth section of the statute of frauds, an agreement to pay the debt of another, must, in order to give a cause of action, be in writing, and must contain the consideration of the promise as well as the promise itself, and parol evidence of the consideration is inadmissible. Bayley, Judge, said, “ I find too, that the word agreement in this clause is coupled with contracts of marriage, and for the sale of lands; now, in those cases, it is clear, that the consideration must be stated. For it would be a very insufficient agreement to say, ‘ I agree to sell A. B. my lands,’ without specifying the terms or the price; and if those could be supplied by parol evidence, we would let in all the mischief against which the statute meant to guard, viz. of having important parts of the contract proved by parol evidence.” Hol-royd, Judge, said, “ that upon an agreement upon consideration of marriage, or a contract for the sale of lands, it is *111 quite clear that the consideration must be stated in writing.” In Jenkins v. Reynolds, 3 Brod. & Bing. 11, (and 7 Eng. Com. Law Reps. 328,) a few months after, in the Common Pleas, the same rule was adopted. In 1807, in the case of Lyon v. Lamb, Fell’s Mer. Gua. 318, the Court of Exchequer admitted the doctrine in Wain v. Warlters. The question has been twice brought immediately to the notice of the Court in South Carolina, but no direct decision has there been given. In Stephens v. Winn, 2M‘Cord, 372, no consideration was expressed in the face of the note, nor was there any offer to prove it by other evidences. In a case in 3 M'Cord, page 158, there were two written papers, and the Court was of the opinion, that the one referred to the other, and the consideration by that means was made to appear in writing. The Court seem to think, that the doctrine in Wain v. Warlters should be confined to contracts executory on both sides; that if the consideration has been executed, then the terms of the contract on the other side being in writing, could be enforced, although it did not contain the consideration. They proceed to say that, “ If A., in consideration that B. will undertake to build him a house, promise to pay him so much money, and B. does undertake to build the house, their minds meet about the matter, and this constitutes an agreement; and if the consideration of a promise to pay the debt of another, consists of something moving at the time, and to be afterwards performed, it might perhaps comport more strictly with the letter of the act, that it should be set out on the face of the promise, as constituting a part of the agreement. But if B., in consideration that A. had advanced him so much money, undertakes to build the house, here the undertaking is altogether on the part of B.; the aggregatio mentium, the meeting of the minds, is past and gone, and the contract consists altogether of the promise to build the house; and in such a case the requisitions of the statute would seem to be fulfilled, if the promise itself was in writing; although like every other contract, to make it obligatory, it must be founded on a good consideration, which might be proved by parol.” But the Court then proceed to say, they *112 “ have thought it advisable to reserve the determination of the question for some further occasion, when it is possible more lights may be thrown upon it.” These remarks were made in the year 1825, and without having had the cases of Saunders v. Wakefield or Jenkins v. Reynolds, brought to their notice. All the cases referred to in the opinion delivered, except Sears v. Brink, are cases which do not profess to overrule Wain v. Warlters, but contain dicta throwing doubts on that case. I do not know the wording of the statute of frauds in South Carolina, but if it uses the language of the statute of Charles 2nd, I am at a loss to see, how the Court could have entertained the idea, that as wide a door was not opened to let in frauds and perjuries, when the amount of money actually paid, or the quantity of articles actually delivered, might be permitted to be proven by parol, as when the amount of money or quantity of articles were to be hereafter paid or delivered. It seems to me, that the same mischiefs intended to be prevented by the statute, would as well arise in the first class of cases, as in the latter. It is a distinction which I nowhere find'in any of the authorities, and I cannot bring my mind to the conclusion, that the distinction is a sound one.
Without a good consideration, no contract could be enforced at the common lavs7. The framers of the statute well knew this. Can it therefore be supposed, that the legislature, when it passed the statute, to guard the property and rights of the subject, against the frauds of parties, and the perjury of witnesses, did not contemplate that the whole terms of the agreement or contract should be in writing, as well the consideration to be paid, or which had been paid, as the engagement on the other side ? It seems to me that it did, and that the weight of authority is on that side of the question. I therefore am of the opinion, that the judgment must be affirmed.
Per Curiam. Judgment reversed.