NEW-YORK,
May 1836.

Smith
v.
Ives.

### SMITH *vs.* IVES.

In a promise to guarantee the payment of a note over due when the promise is made, expressing no consideration, *forbearance* to sue will not be implied as the consideration moving to the promise.

Forbearance to sue is not a new consideration, taking the case out of the statute.

DEMURRER to pleas. The declaration in this cause contained several counts. The *first* was on a *guaranty*, bearing date 13th March, 1829, whereby the defendant engaged to guarantee to the plaintiff the *eventual payment* of a note given by one Torrey to the plaintiff, for the sum of $59, which note was alleged to bear date 5th June, 1828, and to have been made payable 1st February, 1829. The guaranty was alleged to be in writing, endorsed on the back of Torrey's note, to be signed by the defendant and to have been given for a *valuable consideration.* In the *second* count, the plaintiff alleged that, being possessed of the note specified in the first count, he, *at the request* of the defendant, forbore to collect the same of Torrey, and that the defendant on that day, in consideration that he, the plaintiff, *would forbear* to sue Torrey on the note, promised, by writing subscribed by him and endorsed on the note, to pay to the plaintiff the amount of the note. Then followed the common money counts. The defendant pleaded, 1. the general issue; 2. to the first count, that Torrey would eventually pay, &c. ; 3. to the second count, that the plaintiff could not, on the 13th March, 1829, or at any time since, have collected the note of Torrey, inasmuch as it was given without consideration ; 4. to the second count, that *no consideration was expressed in the promise in writing* made by the defendant; and 5. a like plea as the last to the first count of the declaration. To the *third* plea the plaintiff replied, setting forth the consideration of the note given by Torrey, and to the *second, fourth* and *fifth* pleas *demurred.*

*J. A. Spencer,* for the plaintiff.

*A. Taber,* for the defendant.

NEW-YORK,
May, 1836.

Smith
v.
Ives.

*By the court*,SAVAGE, Ch. J. Ever since the case of *Sears* v. *Brink,* 3 *Johns. R.* 210,it has been uniformly held, in this court that to take a case out of the statute of frauds, not only the *promise*, but the *consideration* for the promise, must be in writing. In *Rogers* v. *Kneeland*,10 *Wendell,* 250, it was held that, under the old statute, it was not necessary that the consideration should appear upon the face of the instrument containing the promise—that it was sufficient, if fairly implied. In this case it is admitted, by the demurrer, that the consideration does not appear upon the face of the written promise. It is said the consideration was *forbearance.* If forbearance was the consideration, to what time did it extend? This is not like some of the English cases, where the promise was to pay by a particular time; there it was inferred that forbearance to that time was the consideration. Here the defendant engages that Torrey will eventually pay. This is an undertaking for the ultimate payment by the maker; no time is specified. If the consideration was forbearance, it may be said to be for the life of the maker, as well as for any other time. When this guaranty was given, the note had been due more than a year; and it seems the plaintiff had forborne so long, for it is not alleged that any suit was pending. It seems to me, that to say that forbearance was the consideration appearing in writing in the transactions between these parties, would be going farther to infer a consideration than the circumstances would justify; it may have been any thing else with equal probability. I cannot consent to depart from the case of *Sears* v. *Brink,* and indulge in conjecture, at a period when the revised statutes have adopted *Sears* v. *Brink,* by declaring that *the consideration shall be expressed in the agreement itself*—not in any other accompanying writing; and we are justified in considering the revised statutes as declaratory of what was the true understanding of the old statute. Forbearance has never been considered a new consideration, passing between the newly contracting parties, so as to take the case out of the statute and make the promise an original one.

The fourth and fifth pleas are good. The second plea is frivolous, and for that cause bad.