Wood *v.* Wheelock.

---

## WOOD *vs.* WHEELOCK.

The defendant, on selling and transferring to the plaintiff a promissory note made by a third person, executed the following guaranty, indorsed on the back thereof: "I guaranty the payment of the within note." *Held* that this was a promise to answer for the debt of another, and was therefore void within the statute of frauds, because it did not express any consideration.

*Held also* that the plaintiff could not be allowed to vary the contract by parol proof that a valuable consideration was in fact paid by him, for the note, at the time he purchased the same.

APPEAL from a judgment entered on the report of a referee. The action was brought upon a guaranty, by the defendant, of a promissory note. The note and guaranty were in these words:

"Lancaster, March 23, 1853. On the first day of November next, I promise to pay Martin Cunningham or bearer, seventy-four dollars with use, for value received.

JACOB ANDERSON."

"I guaranty the payment of the within note.

SYLVESTER WHEELOCK."

The complaint contained a count for money lent. The answer was a general denial.

The referee reported that the above note was made and delivered by Anderson, and was duly transferred to the defendant; that afterwards the defendant in consideration of the sum of $70, in money, paid by the plaintiff to the defendant, sold and transferred the note to the plaintiff, and guarantied the payment of it by the instrument in writing above set forth, which was written on

the back of the note. On the facts the referee decided that the plaintiff was entitled to recover; judgment was entered on the report accordingly, and the defendant appealed to this court.

*E. Thayer*, for the appellant.

*J. M. Smith*, for the respondent.

*By the Court*, GREENE, J. I can perceive no difference in principle between this case and the case of *Spicer* v. *Norton*, (13 *Barb.* 542.) The facts of that case were, that Spicer, the plaintiff, sold to the defendant a note made by one Lawton, for $500. The defendant paid for this note, in part, by a note of $117.34, made by one Gleason. At the same time the defendant gave the plaintiff a written agreement reciting the transfer of the Gleason note to the plaintiff, and stating that he, the defendant, held himself accountable for the payment thereof on condition that the plaintiff used proper exertions to collect the same. The action was brought on this agreement, and this court held that the agreement was within the statute of frauds, and gave judgment for the defendant, and the judgment was affirmed by the court of appeals.

I shall not undertake (what is simply impossible) to reconcile the various cases arising on guaranties like the one under consideration. The cases, not only in this court but in the court of appeals, are in direct conflict, and I think we shall best discharge our duty by adhering to the principle of judicial subordination which requires us to follow the last decision of the court of appeals, and leave it to that court or the legislature to cut the knot that has been tied by judicial ingenuity, and either restore the statute of frauds to its obvious interpretation, and enforce it as it reads, or repeal it entirely. The two most prominent judicial devices for avoiding the occasional hardships that will result from a fair construction and uniform application of this statute may be sufficiently illustrated by one or two of each class of cases in which those devices have been resorted to. The case of *Manrow* v. *Durham*, (3 *Hill*, 584,) is one of

Wood *v.* Wheelock.

the cases in which the courts have construed an agreement which was plainly a collateral guaranty on its face, to be a promissory note. Manrow, the plaintiff, sold to Durham a horse and received from him, in part payment, a note made by a third party, upon which Durham and Moulthrop, the other defendant, indorsed a guaranty of payment. The supreme court, Justice Bronson dissenting, held that this was a promissory note, and not within the statute of frauds. There are cases holding that such a guaranty may, under certain circumstances, be treated as an indorsement. But those cases, in my judgment, were never founded in principle, and I think they can no longer be sustained upon authority. This contract certainly is not a promissory note. That is an absolute agreement to pay money, and this is not. It is an agreement to pay on another's default, or in the plain language of the statute, " to answer for the default of another." The maker of a promissory note becomes absolutely liable when he executes the note. A guarantor, on the contrary, becomes so liable only when the principal makes default. Until then, the liability of the guarantor is contingent upon such default. The contract of indorsement is essentially different from both of those last mentioned. The liability of an indorser, like that of a guarantor, is contingent, but it depends upon more and different contingencies. Not only the default of the maker but notice of such default to the indorser, is necessary to perfect his liability. Here, then, are three contracts, each distinguishable from both of the others, by essential differences in their stipulations and the rights and obligations thereby conferred and created. They cannot be made, or for any purpose treated as identical, by any other process than an utter confusion of all legal distinctions. This method of changing the contracts of parties by construction has generally been resorted to for the alleged purpose of carrying out their intention. But the intention of the parties, however clearly manifested by their acts, can be of no consequence in the consideration of the question as to the validity of their agreement, in a case where the law requires them to express that intention in a particular way. The question in

such a case is, have they so expressed their intention that the law will give effect to it in an action on their contract? If they have not, there can be no apology for resorting to forced and subtle constructions which violate alike the terms of the contract and the plain and express provisions of the statute. This is not the office of construction—it *is not construction.* Disguise it as we may, it is an arbitrary and unauthorized *alteration* by the court, of the contracts of parties. These simple propositions were so clearly stated, and, as it seems to me, so perfectly demonstrated, by Judges Bronson and Jewett in the cases of *Brown* v. *Curtiss,* (2 *Comst.* 225,) and *Durham* v. *Manrow, (Id.* 533,) that nothing can be needed if indeed, any thing could be added, by way of argument or illustration, to enforce them. The judgment of the supreme court in the case of *Manrow* v. *Durham,* was affirmed by the court of appeals, Judges Jewett and Gardiner dissenting. Judge Bronson did not hear the argument, or participate in the decision. This case has been often questioned, and as I understand the two cases, it has since been overruled by the court of appeals in the case of *Brewster* v. *Silence,* (4 *Selden,* 207.) That was an action upon a guaranty by F. Silence, the defendant, of a promissory note made by George Silence. It appeared from the special verdict that the consideration of the note was a pair of horses sold to George Silence by the payee, and that a condition of the sale was that the note should be guarantied by the defendant, and the sale was not completed until after the execution of the guaranty. Upon the execution of the note and guaranty they were delivered to the payee and the horses were delivered to George Silence. At this time the defendant declared that the horses should be his until paid for. The supreme court gave judgment on this verdict for the defendant, and the judgment was affirmed by the court of appeals. So far as the agreement of the defendant Moulthrop, in *Manrow* v. *Durham,* was concerned, it was precisely like the agreement in the case last cited. Both agreements were made by the defendants as sureties for the parties to whom property was sold at the time, and in the last case, the condition of the sale was that the defend-

Wood *v.* Wheelock.

ant should guarantee the note. Since the decision last cited, it can no longer be pretended that one who signs such a guaranty can be made liable either as a maker or indorser of a promissory note, under any circumstances. This course of dealing with contracts originated in a desire to do substantial justice between parties whose contracts unfortunately fell within the provisions of the statute of frauds. But the experiment has shown that there is no judicial remedy for hard cases but bad precedents, which result in transferring the misfortune of such cases from the parties to the law. And after years of apparently fruitless discussion and a conflict of decisions that has extended to the judgments of the court of last resort, a conviction of the impossibility of maintaining the statute of frauds and relieving every party from the consequences of disregarding it, has prevailed over the confusion of conflicting decisions, and their authority has so far yielded to the power of that conviction that one device for the evasion of the statute has been effectually exploded.

There is another class of cases upon which the plaintiff seems to rely with more confidence, in which a proposition, in my judgment, equally unsound, has been affirmed. Those are cases where the vendor of property, or a creditor, had received the note of a third person with a guaranty of payment by the vendee or debtor, in payment for the property sold, or of a precedent debt; and it has been held that although the agreement on its face was collateral and clearly within the statute, the party seeking to enforce the agreement might prove the consideration by parol, and thus show from the whole transaction that the agreement was in fact to pay the guarantor's own debt in that particular way. This proposition has the sanction of high authority, but it cannot, I respectfully submit, stand the higher test of legal principles. The agreement is free from all ambiguity. So far as the undertaking of the guarantor is concerned, it is perfect on its face, and when read alone, there could be no question as to its character; all would agree that it was precisely what its terms imported—an agreement to pay the debt of another party. It was a valid agreement at com-

mon law when founded on a legal consideration; as the consideration, though not expressed in the agreement, could be proved by extrinsic evidence. The statute of frauds has made a new rule of evidence, and requires the consideration to be expressed in the agreement, and declares that unless the consideration be so expressed, the agreement shall be void. It is not pretended that the statute can be avoided by merely proving a consideration by parol, where none is expressed; but it is claimed that it may be proved by such evidence. that the consideration was one upon which the guarantor was primarily liable, and that his written agreement which is in its terms collateral, may, by the aid of such proof, be *construed* to be an original agreement to pay his own debt. So far from avoiding the difficulty presented by the statute of frauds, the position in question encounters another and equally grave difficulty, in the familiar rule of evidence that written agreements cannot be contradicted or varied by parol. In my opinion a guaranty in this form can no more be changed in its terms or legal effect, by parol proof of the consideration upon which it was given, than a contract of indorsement upon the same consideration can, by the same proof, be turned into an absolute agreement to pay, without regard to the maker's default or notice to the indorser, or by proof that at the time of the indorsement the indorser agreed by parol to become absolutely liable. It would be equally competent for the maker of a note, payable absolutely, to prove by parol that the agreement was to pay only upon the happening of some uncertain event. This principle, if carried out to its legitimate consequences, would leave as little of this valuable and venerable rule of evidence, as it has of the statute of frauds. In short, it would subvert both. The agreement is, by its terms, plainly within the statute; this is apparent from the fact that proof, *aliunde*, is necessary to avoid the operation of the statute, and of course, that result can be effected only by a change of the terms of the contract.

In cases where the consideration of such a guaranty was property sold, or a debt existing at the time of its execution, the party has an adequate remedy, irrespective of the guaranty.

Pierce *v*. Kingsmill.

There is no difficulty in recovering in such cases, upon pleadings adapted to the case. In the first class of cases the cause of action would be established by proving the sale of the property, and in the other, by proving the precedent debt; and it would not be discharged in either case by the note or guaranty, unless the creditor agreed to receive them in payment, and the guaranty of the vendor or debtor would be competent and sufficient evidence to show that they were not so received. The pleadings in this case are so drawn as to warrant a recovery upon this principle, but neither the proofs nor the finding of the referee will justify the judgment in this case. The evidence merely shows a *sale* of the note with the defendant's guaranty upon it, for $70, and these are the only facts found by the referee. Upon these facts the only remedy of the plaintiff was upon the note and guaranty, and as the guaranty was void, the judgment must be reversed and a new trial ordered, with costs to abide the event.

[ERIE GENERAL TERM, November 10, 1856. *Bowen*, *Greene* and *Marvin*, Justices.]