(27 Misc. Rep. 421.)

### BRUMM et al. v. GILBERT.

(Supreme Court, Special Term, New York County. May, 1899.)

1. FRAUDS, STATUTE OF — PROMISE TO ANSWER FOR DEBT OF ANOTHER—REQUISITES OF WRITING.

An instrument guarantying the existing debt of another, but which fails to express any consideration, is void, under the statute of frauds, providing that every promise to answer for the debt of another shall be void, unless made in writing, and subscribed by the party to be charged.

2. SAME—CONSIDERATION FOR PROMISE.

The extension of the time of payment of an existing debt does not furnish a sufficient consideration for the promise of another to answer therefor.

Action by Charles Brumm and another against Mary Ann Gilbert. Defendant demurred to the complaint because it did not state a cause of action. Demurrer sustained.

Myers, Goldsmith & Bronner, for plaintiffs.

Charles P. & William W. Buckley, for defendant.

TRUAX, J. This is an action to recover upon a written agreement guarantying the debt of a third person. It is alleged in the complaint, among other things:

That on the 14th day of January, 1895, at the city of Paris, France, the defendant, for a valuable consideration, made, executed, and delivered to the plaintiffs' assignors the following instrument:

"I guaranty the 'new account' of Mr. W. C. Gilbert, my husband, with Messrs. Abaye Nison Bimar & Co., amounting to this date to one hundred and twenty thousand francs, representing the disbursements made by the firm of Abaye Nison Bimar & Co. since the first day of January, one thousand eight hundred and ninety-one. It is well understood (1) that all the profits obtained from Mr. Gilbert's business from and after this day shall be applied to the discharge of this account: (2) that, in case of the death of Mr. Gilbert, Messrs. Abaye Nison Bimar & Co., who are to collect his life insurance, will discharge me completely from the present guaranty; (3) in case that, contrary to the expectation of Mr. Gilbert, he should not be able to pay off this account between now and the end of December, 1896, and should oblige you to require the execution of this guaranty, I shall only be able to acquit myself towards you by paying you one-half of my income, amounting to six thousand francs a year, not possessing any capital of which I can dispose. I will therefore require the necessary and proportionate delay.

"Made at Paris the fourteenth day of January, one thousand eight hundred and ninety-five.

"[Signed]       M. Gilbert.

"I authorize the above.

"[Signed]       W. C. Gilbert."

That on the 14th day of January, 1895, the said W. C. Gilbert was indebted to the firm of Abaye Nison Bimar & Co. in the sum of 120,-

000 francs. That the defendant made and executed the above agreement for the purpose of guarantying said indebtedness. That on the 5th day of December, 1896, said Abaye Nison Bimar & Co. assigned their claim against said W. C. Gilbert to the firm of E. Nison Bimar & Co., and also assigned all their right, title, and interest in and under the above agreement. That on the 1st day of January, 1898, E. Nison Bimar & Co. assigned the said claim against W. C. Gilbert to these plaintiffs, and also all their right, title, and interest in and under the above agreement. That said W. C. Gilbert has not paid any part of his said indebtedness, and that this defendant has been requested to pay 6,000 francs for the year 1896 and 6,000 francs for the year 1897, but has failed to pay the same or any part thereof.

The defendant demurs upon the ground that the facts stated do not constitute a cause of action.

The instrument above given is a promise to pay the existing debt of another, and I am of the opinion that it is void on its face, because it does not state a consideration. No consideration for the promise is expressed in the instrument itself, and none can be spelled out or implied from any of its provisions. The principal debtor is not relieved from any liability, no extension of time is granted to him, no credit is extended, and no security surrendered. It is an absolutely naked promise on the part of the defendant to pay the existing debt of another. The statute of frauds requires that every promise to answer for the debt, default, or miscarriage of another person shall be void, unless such agreement, or some note or memorandum thereof, is in writing, and subscribed by the party to be charged. From the earliest times the courts of this state, following Wain v. Warlters, 5 East, 10, have held, with but few exceptions, that the agreement must contain the whole contract, including the recital of a consideration, and that one could not go outside of the written instrument to ascertain the consideration. Sears v. Brink, 3 Johns. 210; Kerr v. Shaw, 13 Johns. 236; Castle v. Beardsley, 10 Hun, 343; Thompson v. Blanchard, 3 N. Y. 335; Clarke v. Richardson, 4 E. D. Smith, 174; Wood v. Wheelock, 25 Barb. 625; Sackett v. Palmer, Id. 179; Wright v. Weeks, 25 N. Y. 155; Barney v. Forbes, 118 N. Y. 580, 23 N. E. 890. The leading case to the contrary (Speyers v. Lambert, 1 Sweeny, 338) was overruled by the court of appeals in Barney v. Forbes, supra. This case is to be distinguished from that class of cases in which the contract of guaranty is made at the same time that the original indebtedness is incurred, or prior to the incurring thereof. In this case the plaintiffs have set forth a copy of the instrument. Its terms cannot be varied. It is complete in itself, and, under the authorities above cited, nothing can be added to it. It does not contain all the elements required by the statute of frauds, and for that reason is void. The mere taking of the guaranty by plaintiffs' assignor did not of itself extend the time of payment of the original indebtedness, or suspend the remedy thereon. Gahn v. Niemcewicz's Ex'rs, 11 Wend. 312; Smith v. Ives, 15 Wend. 182; Stalker v. McDonald, 6 Hill, 93; Austin v. Curtis, 31 Vt. 64; Wood v. Robinson, 22 N. Y. 564; Cary v. White, 52 N. Y. 138; Place v. McIlvain, 38 N. Y. 96; Fellows v. Prentiss, 3 Denio, 512. But, even if it did extend the time of payment

of the original indebtedness, it would not furnish a valid consideration for the promise of the defendant. Neither forbearance to sue the original debtor, nor the surrender to him by the creditor of a security for the debt, although made at the request of the promisor, is sufficient to take the case out of the statute. Smith v. Ives, 15 Wend. 182; Watson v. Randall, 20 Wend. 201; Mallory v. Gillett, 21 N. Y. 412; Ackley v. Parmenter, 98 N. Y. 425; White v. Rintoul, 108 N. Y. 222, 15 N. E. 318. To take the case out of the statute, said the court of appeals in Ackley v. Parmenter, supra, there must be a consideration moving to the promisor, either from the creditor or the debtor, and beneficial to him, thus imparting to the promise the character of an original undertaking. The case of Smith v. Ives, supra, is very much like the case at bar. The declaration in that case contained several counts. The first was on a guaranty bearing date March 13, 1829. By this guaranty the defendant engaged to guaranty to the plaintiff the eventual payment of a note, dated June 5, 1828, payable February 1, 1829, given by one Torrey to the plaintiff for the sum of $59. It was alleged that this guaranty was in writing, indorsed on the back of the note, signed by the defendant, and given for a valuable consideration. In the second count the plaintiff alleged that at the request of the defendant he forbore to collect the said note of the maker, and that the defendant on the 13th of March aforesaid, in consideration that the plaintiff would forbear to sue the maker on the note, promised, by writing subscribed by him and indorsed on the note, to pay to the plaintiff the amount of the note. The defendant pleaded, among other things, that no consideration was expressed in the writing made by the defendant, and to this plea the plaintiff demurred. It is true that the case was decided in 1836, after the amendment of 1830, which added to the statute the words "expressing the consideration"; but the cause of action arose before that amendment, and it was held in this case, as it has frequently been held since, that the amendment of 1830 was declaratory of what was the true meaning of the old statute. It was held that in a promise to guaranty the payment of a note overdue when the promise is made, expressing no consideration, forbearance to sue will not be implied as the consideration moving to the promise, and that forbearance to sue is not a new consideration, taking the case out of the statute.

The view that I have taken on this point renders it unnecessary for me to consider the other questions that are raised by the defendant. This is the second time that a demurrer to the complaint in this action has been sustained. In view of that fact, and because the present demurrer goes to the very right of plaintiffs to maintain an action upon the instrument set forth in the amended complaint, I shall not give plaintiffs the right to amend.

Demurrer sustained, with costs.