## NEWCOMB *vs.* CLARK.

A writing signed by the defendant in these words: "Mr. Henry Peters; I hereby agree to pay you the rent of the part of the house hired of you by Mr. John Ward in case he fails; the rent to be paid quarterly at the rate of thirty-seven dollars for the year," is a promise to answer for the debt, default or miscarriage of another person, and is void for failing to express the consideration of the promise.

The use of the term "agree," in a contract, does not in itself import a consideration. *Per* JEWETT, J.

An action upon an express contract must, except in the case of negotiable paper, be brought in the name of the party to whom it was made; and it is not competent to shew by parol that the promisee was the agent of another person, for the purpose of enabling such person to maintain an action in his name on the agreement

Where a plaintiff is nonsuited and brings error, any fact appearing upon the case made by him, constituting an unanswerable obstacle to his recovery, may be relied upon to sustain the judgment, though it was not mentioned at the trial.

ERROR to the Dutchess common pleas. Clark sued Newcomb before a justice of the peace, and the plaintiff was nonsuited on the trial and had judgment for costs against him. This judgment the common pleas reversed on *certiorari.*

Newcomb *v.* Clark.

By the justice's return it appeared that the plaintiff declared upon an agreement, by which the defendant, in consideration that the plaintiff would let or hire a certain part of a dwelling house to one Ward for $37 a year, payable quarterly, agreed to pay the rent in case Ward should fail to do so. He averred an occupation by Ward under such letting, and assigned a breach in the non-payment of the rent. The defendant pleaded non-assumpsit. On the trial the plaintiff called H. Peters as a witness, who testified that he was the agent of the plaintiff for letting the house in question, which was owned by the plaintiff; that in March, 1842, Ward applied to him to hire a particular part of the house, but the witness refused to let it to him, unless he would procure security for the payment of the rent, but agreed that he should have it, if he would procure such security; upon which Ward went away, and soon after returned with a paper, in the hand-writing of and signed by the defendant, in the following words : " Mr. Henry Peters—Dear sir : I hereby agree to pay you the rent of the part of the house hired of you by Mr. John Ward, in case he fails, the rent to be paid quarterly, at the rate of thirty-seven dollars for the year. • Pleasant Valley, March 11, 1842. Yours, &c. John H. Newcomb."

The witness further testified, that Ward took possession of the premises hired, and occupied the same for one year from the 1st of May ensuing the date of the agreement, but that neither he or the defendant had paid any rent, and that the witness had repeatedly called on the defendant, who said he would pay in case Ward did not. The defendant moved for a nonsuit, on the ground that the paper signed by him was void by the statute of frauds, for not expressing a consideration ; or, if a consideration was expressed, he insisted that it was a past consideration. The justice granted the motion.

*V. D. Bonesteel,* for the plaintiff in error, cited 2 *R. S.* 135, § 2; *Parker* v. *Bradley,* (2 *Hill,* 584—587;) 1 *Chit. Pl.* 8; 1 *Saund. Pl. & Ev.* 61, *and cases cited.*

*H. Angevine,* for the defendant in error, cited *Marquand* v. *Hipper,* (12 *Wend.* 520:) *Douglass* v. *Howland,* (24 *id.* 35 ;)

*Andrews* v. *Pontue*, (*id.* 285;) *Rogers* v. *Kneeland*, (10 *id.* 218, 253;) *Allen* v. *Jaquish*, (21 *id.* 628;) *Manrow* v. *Durham*, (3 *Hill*, 584;) *Buckbee* v. *Brown*, (21 *Wend.* 110;) *Taintor* v. *Prendergrast*, (3 *Hill*, 72;) *Spencer* v. *Field*, (10 *Wend.* 87.)

*By the Court*, JEWETT, J. The statute (2 *R. S.* 135, § 2) provides, that in the following cases every agreement shall be void, unless such agreement, or some note or memorandum thereof *expressing the consideration*, be in writing and subscribed by the party to be charged therewith : 1. Every agreement that by its terms is not to be performed within one year ; 2. Every special promise to answer for the debt, default or miscarriage of another person. It is not denied but that the guaranty signed by the plaintiff in error falls within that class of agreements provided for by the second subdivision of the second section of the statute referred to. It was executed to answer for the debt, default or miscarriage of another, and it does not express any consideration for the promise, nor can any be discovered by fair inference from the terms of the writing ; and for that reason I am of opinion that it is clearly within the statute and void. If the plaintiff can recover in this action upon this guaranty, there would be very little left of the statute. It would plainly overrule the statute so far it is supposed to require that the consideration should be expressed. I am for sustaining the provisions of the statute as they are enacted, by holding that the writing shall express the consideration as well as the other parts of the agreement. I cannot think that the case of the defendant in error is sustained by any principle decided in *Andrews* v. *Pontue*, (24 *Wend.* 285,) or in *Manrow* v. *Durham and Moulthrop*, (3 *Hill* 584,) cited by counsel. I cannot subscribe to the soundness of the position, that the word "agree," contained in the guaranty, even imports in law a consideration. I suppose that if the guaranty had read, "I hereby *promise* to pay," &c. instead of "I hereby agree to pay," &c. it would not have been pretended that such expression could be construed to import or imply a consideration, within the meaning of the statute ; and yet in legal sense a *promise* is defined to be a de-

claration, verbal or written, made by one person to another for a good or valuable consideration, by which the promisor binds himself to do or forbear some act, and gives to the promisee a legal right to demand and enforce a fulfilment. The word "agree" implies nothing more than a promise. The statute, in my opinion, makes the agreement void, as well where the term "agree" is used, as where the word "promise" is adopted. In either case the consideration must be expressed in some unequivocal manner, or the contract is not binding.

The plaintiff before the justice gave in evidence the written guaranty, as also the testimony of Peters, without objection—but there was no valid contract proved, either by the writing or the evidence of the witness; and of course the defendant before the justice waived no right. The defendant insisted upon the statute before the justice. (*Pease* v. *Alexander, 7 John.* 25.)

But there is another difficulty in the way of holding the judgment of the justice erroneous : it is, the objection raised that Clark could not sustain an action at law in his own name upon the contract or guaranty in question. The rule in regard to parties to actions seems to be, that every action on an express contract must be brought in the name of the person to whom the engagement violated was originally made, unless it is transferable, as a negotiable note, &c. In the present case, the promise or agreement is expressly made with Peters; Clark's name does not appear in the writing. It was not competent to contradict or amend the agreement by parol proof, by substituting Clark's name as the promisee in place of Peters. (*Lincoln* v. *Crandell,* 21 *Wend.* 101 ; *Harp* v. *Osgood,* 2 *Hill,* 216.)

It is objected by counsel for the defendant in error, that the plaintiff in error must be confined to such objections as he made before the justice, and is not permitted to raise new objections on error. As I understand the rule, it has no application in this case. If the justice had decided against the defendant and given a judgment in favor of the plaintiff, and the defendant in the justice's court had brought the *certiorari*, he would have been within that rule, he would have had to abide by his objec-

tions made before the justice. (*Potter* v. *Deyo,* 19 *Wend.* 361; *Hanford* v. *Artcher,* 4 *Hill,* 276; *Pike* v. *Gandall,* 9 *Wend.* 149.)

The judgment of the common pleas must be reversed, and that of the justice affirmed.

Judgment accordingly.