IN THE

# SUPREME COURT

OF THE

## STATE OF NEW-YORK,

IN MAY, 1847.

---

## BENNETT *vs.* PRATT & PRATT.

Where the defendant, at the request of J. C., signed an agreement as follows: "I agree to be security for J. C.'s debt to J. & W. C. P. to the amount of $4,09, and the legal costs made in collecting the same—to be paid in nine months;" and it was proved that the writing was given to procure the discontinuance of a suit by J. & W. C. P. to collect this debt, which was accordingly discontinued; *held,* that the writing was nevertheless void by the statute of frauds for not expressing the consideration.

Since the express provision of the revised statutes, requiring the consideration of an agreement to answer for the debt of another to be expressed in the writing, the consideration must be *stated,* and cannot be implied or made out by inference or conjecture. *Per* JEWETT, J.

The cases requiring the consideration of such a promise to be stated in the writing collected and examined. *Per* JEWETT, J.

ERROR to the Chenango common pleas. J. & W. C. Pratt sued Bennett before a justice of the peace, upon a written agreement in the following words: "I agree to be security for the payment of Jarvis Crosby's debt to J. & W. C. Pratt, to the amount of $4,09, and the legal costs made in collecting the

275

same, made at this time ; to be paid in nine months.   Oct. 25, 1842.   H. Bennett." The defendant not appearing before the justice, there was a trial *ex parte*. The plaintiffs proved the execution of the writing, and the occasion and consideration upon which it was given, as follows : The plaintiffs had a demand against Jarvis Crosby for $4,09 for goods sold, for the collection of which they procured a summons to be issued against him, and placed the same in the hands of a constable to serve, instructing him, however, that if Crosby would pay or secure the debt and expenses, that the summons need not be served. Crosby procured Bennett to become his surety by executing the agreement produced, whereupon the constable receipted the account against Crosby as paid, and omitted to serve the summons.   Crosby at the same time agreed to pay Bennett the amount which the latter undertook to pay the plaintiffs.   The justice gave judgment for the plaintiffs, and that judgment was affirmed by the common pleas on *certiorari*.   Whereupon the defendant brought error here.

*H. Bennett*, plaintiff in error, in person, insisted that the agreement was void for not expressing the consideration upon which it was given, according to the statute of frauds.

*S. Rexford*, for the defendants in error.

*By the Court*, JEWETT, J.   The eleventh section of our former statute for the prevention of frauds, (1 *R. L.* 78,) exclusive of other subjects provided for in the same section, enacted " That no action shall be brought whereby to charge the defendant upon any special promise to answer for the debt, default, or miscarriages of another person, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized." This section corresponds in substance, and nearly in words, with the fourth section of the English statute of frauds, (29 *Car.* 2, *c.* 3,) enacted in the year

1676, to take effect on the 24th of June, 1677, from which it was taken. The first judicial construction given to the term "agreement," in this statute, in England, was made in 1804, by the court of king's bench, in the case of *Wain* v. *Warlters*, (5 *East*, 10.) It was there held, by the unanimous opinion of the judges, that it included both the promise and the consideration, and that no memorandum or note in writing was within the statute, unless the consideration as well as the promise, was stated. During the period between the time this statute was enacted, and the time of that decision, it may be inferred, either that no doubt existed, or that no question had been raised, that a written promise alone was prescribed by the statute, and not a written consideration : for Lord Eldon observed, in *Ex parte Gardom*, (15 *Vesey, jun.* 287,) that until he heard of the case of *Wain* v. *Warlters*, he had always taken the law to be clear, that, if a man agreed in writing to pay the debt of another, it was not necessary that the consideration for such undertaking should appear on the face of the writing ; but that case, he said, had determined two points : first, that a consideration was necessary : secondly, that it must appear upon the writing. The plaintiffs in *Wain* v. *Warlters*, declared that at the time of making the promise by the defendant, they were the endorsees and holders of a bill of exchange, dated 14th of February, 1803, drawn by one W. Gore upon, and accepted by, one I. Hall, by which Gore requested Hall, seventy days after date, to pay to Gore's order £56. 16s. 6d. : which bill had before then been endorsed to the plaintiffs, and which sum, in the bill mentioned, was, at the time of making the promise by the defendant, due and unpaid ; and thereupon, the plaintiffs, before and at the time of making the said promise by the defendant, had retained one A. as their attorney to sue Gore and Hall respectively for the recovery of said sum so due, whereof the defendant at the time of his promise had notice. And thereupon, on the 30th day of April, 1803, at, &c. in consideration of the premises, and that the plaintiffs, at the instance of the defendant, would forbear to proceed for the recovery of the said £56. 16s. 6d., he, the defendant, undertook and promised the plaintiffs to pay them by half past four

o'clock on that day £56, and the expenses which had then been incurred by them on the said bill. The plaintiffs averred that they did, within a reasonable time after the defendant's promise, stay all proceedings for the recovery of the said debt, and have hitherto forborne to proceed for the recovery thereof; and that the expenses by them incurred on the said bill at the time of making the promise by the defendant, and in respect to their having so retained the said A., &c. amounted to £20. Breach, alleging non-payment by the defendant. To support the declaration, the plaintiffs produced the written engagement signed by the defendant in these words: "Messrs. Wain and Co. I will engage to pay you by half past 4 this day, fifty-six pounds and expenses on bill, that amount, on Hall. Dated, &c. (Signed) Jno. Warlters." It was objected on the part of the defendant, that though the promise, which was to pay the debt of another, were in writing, as required by the statute of frauds, yet that it did not express the consideration of the defendant's promise, which was also required by the statute to be in writing; and that this omission could not be supplied by parol evidence, (which the plaintiffs proposed to call, to explain the occasion and consideration of giving the note,) and that for want of such consideration appearing on the face of the written memorandum, it stood simply as an engagement to pay the debt of another, without any consideration, and was therefore *nudum pactum* and void. And Lord Ellenborough, C. J., at the trial upon view of the statute of frauds, 29 Car. 2, c. 3, § 4, which avoids any special promise to answer for the debt of another, " unless the agreement upon which the action shall be brought, or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith," held that the term agreement imported the substance at least of the terms on which both parties consented to contract, and included the consideration of the promise, as well as the promise itself: and the agreement in that sense not having been reduced to writing for want of including the consideration of the promise, could not be supplied by parol evidence, which it was the object of the statute to exclude, and therefore nonsuited the plaintiffs. Upon

a rule *nisi*, all the judges of the king's bench concurred in holding that no person could, by the statute of frauds, be charged upon any promise to pay the debt of another, unless the agreement upon which the action was brought, or some note or memorandum thereof were in writing; and that by the word agreement must be understood the consideration for the promise as well as the promise itself. And that where the writing containing the promise, omitted to state the consideration of the promise, *parol* evidence of the consideration was inadmissible, and that such promise appearing to be without consideration upon the face of the written engagement, was *nudum pactum* and void.

That decision was followed and reaffirmed by the same court, composed of different judges, in the case of *Saunders* v. *Wakefield*, (4 *Barn. & Ald.* 595.) The contract stated in the declaration in that case was, that in consideration that the plaintiff would forbear to prosecute an action against one Pitman, on a bill of exchange, the defendant promised to pay the bill. The defendant pleaded that such promise was not in writing. The plaintiff replied that such promise was in writing, signed by the defendant, and was in the following words: " Mr. Wakefield will engage to pay the bill drawn by Pitman, in favor of Stephen Saunders." Upon a general demurrer to this replication, that court unanimously held that the object of the statute could not be attained unless the agreement or promise to pay the debt of another be in writing, and contained the consideration of the promise as well as the promise itself ; and that parol evidence of the consideration was inadmissible ; for the rule was, as Best, J. said, that a party cannot, by parol evidence, show that the contract is different from that reduced into writing ; and here the introduction of the consideration by parol evidence would do that.

In *Jenkins* v. *Reynolds*, (3 *Brod. & Bing.* 14,) the first count of the declaration stated, that on the 27th of April, 1815, in consideration that the plaintiffs at the request of the defendant, would sell, and deliver on credit, to James Cowing & Co., certain goods, &c. the defendant undertook and promised the

plaintiffs, to be security to them on the account of the said James 'Cowing, by the style, &c. of James Cowing & Co., to the amount of £100. That the plaintiffs confiding, &c. did, afterwards, on, &c. sell and deliver to C., upon certain credit, divers goods, &c. to the amount of £300. Breach that the defendant had not paid. The second count stated, that in consideration that the plaintiffs, at the like request of the defendant, would sell and deliver on credit to Cowing, certain other goods, the defendant undertook and promised the plaintiffs to be accountable to them for the payment, by Cowing, of the price of such last mentioned goods, to the amount of £100. It then proceeded with similar averments, as in the first count, and assigned a breach accordingly. The declaration also contained the common counts. On the trial, the general issue having been pleaded, the plaintiffs proved that they were warehousemen, and had had dealings with James Cowing, who had carried on business in the style and firm mentioned in the declaration, and had become bankrupt, shortly before April, 1815. On or about the 27th of April, 1815, Cowing delivered to the plaintiffs the following letter, which was written and signed by the defendant: "To Messrs. Jenkins & Jones: Gentlemen—To the amount of £100, be pleased to consider me as security on Mr. James Cowing & Co's. account. I am, gentlemen, your obedient servant, Samuel W. Reynolds. 1815, April 27." Subsequently to the delivery of this letter to the plaintiffs, they supplied Cowing with several parcels of goods on credit, at several times, between 27th April, 1815, and the month of September, 1819, to a large amount, when Cowing again stopped payment, owing the plaintiffs upwards of £200, on account of goods supplied. The action was brought to recover £100 from the defendant, under said letter of the 27th of April, 1815. The court held, that previously to the passing of the statute, no writing was necessary for the validity of such a contract; that before, as well as since the passing of the statute, a consideration was necessary. That being so, and the object of the statute being to obviate the mischief of perjury, it would not be accomplished unless the consideration, as well as

the promise, were reduced to writing; and besides, as the consideration for the promise was a part of the agreement, it must be stated in the writing, to comply with the requirements of the statute; that as no consideration for the defendant's promise appeared upon the face of the writing, no action lay upon it. Park, J., said, "looking at the statute, I should say that no doubt could exist on the subject. If before the passing of the statute, a consideration was necessary to the validity of an agreement, it would be singular, if the object of the statute was to exclude perjury, that the consideration should not be reduced to writing as well as the promise. Although, therefore, the rule of law was so far altered by the statute, as to render a writing necessary, where oral testimony would have sufficed before, yet all that was essential to be proved before by oral testimony, must now appear on the face of the writing."

In *Clancy* v. *Piggott*, (2 *Adol. & Ellis*, 473,) the same principle was again upheld. The declaration stated that one George Moore was indebted to the plaintiff in the sum of £50, that the plaintiff had in his possession goods of G. M. of the value of £20, as a pledge, and having a lien thereon for said debt; and thereupon, to wit, on, &c. in consideration that the plaintiff, at the defendant's request, would give up the possession of the said goods, and abandon his lien, defendant undertook and promised plaintiff to see him paid the said sum of £50 within three months from that time. Averment, that plaintiff, confiding, &c. gave up possession of the goods, and abandoned his said lien, whereof, &c. Breach, that, although three months have elapsed and although G. M. hath not paid the said £50 to plaintiff, defendant hath not paid or seen plaintiff paid the said £50. It was pleaded that the supposed undertaking and promise of the defendant was a special promise to answer for the debt and default of another person, and was contained in a memorandum in writing, signed by the defendant in the words as follows: "March 6th, 1832. Mr. Clancy, I hereby agree to see you paid, within three months from the date thereof, the amount of £50 due to you on account of Mr. George Moore junior, Sheffield. J. W. Piggott." It was held, on demurrer,

that the contract or promise was within the operation of the statute of frauds, and, as it contained no statement of a consideration, was void, and that there was no distinction between this case and *Saunders* v. *Wakefield*, giving to the term *agreement* in the statute, its legal instead of its popular signification. *Morley* v. *Clarke*, (3 *Bingh.* 107,) was an action upon the following memorandum in writing. " Messrs. Morley & Co. We hereby promise that your draft on William Clarke, Son & Co. due at Messrs. Masterman's, at six months, due on the 27th of November next, shall be then paid out of money to be received from St. Philip's church, say amount £174. 13s. 5d. say 27 November. May 26, 1824. We are yours, W. Clarke, W. Boothby." The declaration stated a consideration for the agreement of the defendants with proper averments. The question came up on demurrer to the replication of the plaintiffs to the defendants' plea, that the supposed promise was a special promise to answer for the debt of other persons, and that no agreement in respect of, or relating to, the supposed cause of action, or any memorandum or note thereof wherein the consideration for the said promise was stated or shown, was, according to the form of the statute, in writing or signed by the defendants. The replication alleged that a certain agreement in respect of and relating to the said cause of action, wherein the consideration for the said promise was stated, was, according to the form of the statute, made in writing, and was as follows—setting out the memorandum above mentioned. It was contended, on the part of the defendants, that no consideration for the defendants' promise, appeared on the face of the writing—the language respecting St. Philip's church not being intelligible without recourse to oral testimony—which it was the express object of the statute of frauds to exclude. Best, Ch. J., in delivering the judgment of the court, said, that a sufficient consideration for the defendants' promise was stated in the declaration, but that the instrument set out in the replication did not contain any proof of the averment in the declaration; that in all other cases except where the party bound himself by deed, the contract was invalid, unless the party making the promise was to obtain some advantage, or the party to whom

Bennett *v.* Pratt.

it was made was to suffer some inconvenience, in consequence of the one making, or the other accepting such promise. "If, he added, the contract was oral, the benefit or inconvenience, as well as other parts of the contract, could only be proved by parol testimony. When the contract was reduced to writing, it was required not only that the obligatory part, but that the inducement or consideration should also be in writing, because it was always a rule in the law of evidence, that no parol testimony could be admitted, either to supply the defects, or explain the contents of a written instrument. If the writing did not prove the consideration, it could not be proved in any other manner, and thus the contract failed, because the consideration, without which it was altogether inoperative, could not be shown. When the statute of frauds declared that no person should be charged with the debt of another, except on an agreement in writing; if the clause in the statute had not expressed (as I think it does,) that the whole agreement should be in writing, the law of evidence would have rendered it necessary the whole should have been in writing, by declaring, as it uniformly has done, that nothing could be added to the terms expressed in writing by parol testimony. Applying the principles of common law to the statute, which is a safe mode of construing acts of the legislature, I say, as I said in *Saunders* v. *Wakefield,* that if I had never heard of *Wain* v. *Warlters,* I should have held that a consideration must appear on the face of the written instrument. It must also occur to any one, that to attain the avowed object of the statute of frauds, (namely, the prevention of perjury,) it is more necessary to require that the consideration of a bargain should appear in the writing, than any other term or condition of it. That the consideration should appear on the instrument, not in any set formal terms, but with clearness enough for the courts to judge of its sufficiency, is now fully established by *Wain* v. *Warlters* and *Saunders* v. *Wakefield,* in the king's bench, and *Jenkins* v. *Reynolds,* in this court." The conclusion to which the court came, was, that although the paper spoke of money for St. Philip's church, it did not appear that the defendants had any thing to do with any such money, and

that the guaranty set out in the replication did not support the declaration.

The construction given in *Wain* v. *Warlters*, to the term agreement, in the English statute, was followed and adopted by this court in *Sears* v. *Brink*, (3 *John. Rep.* 210,) decided in 1808, and has been adhered to in subsequent cases. (*Rogers* v. *Kneeland*, 10 *Wend.* 218, *and the cases there referred to*.) The general provisions of the English statute were adopted in most if not all of the states of this Union. But the courts in different states differed widely in the construction of the clause of the statute under consideration. In New-Hampshire and South Carolina, the construction given in *Wain* v. *Warlters*, was adopted. (*Neelson* v. *Sanborne*, 2 *N. Hamp. Rep.* 414; *Stephens* v. *Wynn*, (2 *Nott & M'Cord*, 372.) But in Massachusetts, Connecticut, Maine, New-Jersey and North Carolina, the courts have construed the term agreement in the statute according to its popular signification, instead of its legal one— holding that it is enough that the writing sets forth the promise, leaving the consideration to be supplied by oral evidence. (*Packard* v. *Richardson*, 17 *Mass. Rep.* 122; *Sage* v. *Wilcox*, 6 *Conn.* 81; *Levy* v. *Merrill*, 4 *Greenl.* 180; *Buckley* v. *Beardsley*, 2 *South.* 570; *Miller* v. *Irvine*, 1 *Dev. & Bat.* 103.) Although it is well settled that it is necessary to the validity of the agreement that the consideration should be stated or appear on the face of the writing, yet it has been repeatedly held both in this and in the English courts, it need not be stated in express words. It is enough that it may be collected or implied from the face of the instrument itself— not as matter of conjecture, but as matter of undoubted certainty, so that in the language of Tindal, Ch. J. (1 *Bing. N. C.* 761,) "Any person of ordinary capacity must infer from the perusal of it, that such and no other, was the consideration upon which the undertaking was given." "A well grounded inference to be necessarily collected from the terms of the memorandum, that the consideration stated in the declaration, and no other than such consideration, was intended by the parties to be the ground of the promise," is sufficient. (*See*

*also* James v. *Williams,* 5 *Barn. & Adol.* 1109; *Hawes* v. *Armstrong,* 1 *Bingham's N. C.* 761; *Shortrede* v. *Check,* 1 *Adol. & Ellis,* 57; *Raikes* v. *Todd,* 8 *id.* 846; *Newbery* v. *Armstrong,* 4 *Car. & Payne,* 59; *Rogers* v. *Kneeland,* 10 *Wendell,* 218; *Manrow* v. *Durham,* 3 *Hill,* 584.)

In *Raikes* v. *Todd,* (*supra,*) the guaranty was as follows: "Messrs. Raikes—Gentlemen—I hereby undertake to secure to you the payment of any sums of money you have advanced, or may hereafter advance, to Messrs. Henry Davenport and Co. on their account with you, commencing the 1st November, 1831, not exceeding 2000£. John Todd." Lord Denman, C. J. said, I must confess that I cannot sufficiently see what the consideration is. If I were to conjecture, I should say that it was made up of two considerations; first, a forbearance to sue for the advances already made; secondly, the future advances. The judges agreed that the contract was void on the ground of the uncertainty as to the consideration.

Our revised statutes, enacted in 1830, have changed the language of the former statute of frauds, by requiring that the note or memorandum in writing of the agreement, should express the consideration as well as the promise or agreement—substantially as the court in *Wain* v. *Warlters,* and in *Sears* v. *Brink,* had adjudged was necessary to render the contract valid under the former statute. The language is as follows: "Every special promise to answer for the debt, default or miscarriage of another person, shall be void, unless such agreement, or some note or memorandum thereof, *expressing the consideration,* be in writing and subscribed by the party to be charged therewith." (2 *R. S.* 135, § 2.)

The defendant has made a "special promise to answer for the debt of another person," namely, Jarvis Crosby, and the promise is in writing; but it does not express the consideration upon which the promise was made. No one, upon reading the instrument, can say what the consideration of the promise was; if there was one in fact. If we look out of the written contract, we may find that there was in fact a consideration for the promise. But that would not be sufficient. There must be a

writing, to comply with the requirements of the statute, "expressing the consideration" as well as the promise. The statute, as I think, was pointed against the doctrine which had obtained in some degree under the former statute, of making out a consideration by argument or conjecture; and in this light it was considered by this court in *Smith* v. *Ives*, (15 *Wend.* 182,) and *Packer* v. *Willson*, (*id.* 343.) I know that there are a class of cases adjudged in this court since the revised statutes, which seem to conflict with the principle upheld in the two last cases to which I have referred. They are cited by Nelson, Ch. J. in *Manrow* v. *Durham*, (3 *Hill*, 584.) But they are distinguished from this and kindred cases, whether justly or not it is unnecessary now to inquire, as being written guaranties upon promissory notes, and held to be in substance and legal effect promissory notes, and, as such, to import a consideration, and therefore not to be within the statute of frauds. So far as the doctrine has been applied in such cases, it conflicts with the principle held in the cases of *Smith* v. *Ives* and *Packer* v. *Willson.* But the construction of the statute of frauds to which I have referred, has not, as I have been able to find, been doubted or repudiated by this court, unless it may be said to have been by the case of *Douglass* v. *Howland*, (24 *Wend.* 35.) There the action was covenant upon an instrument in writing under seal, which imported a consideration, and was not within the statute. There was, therefore, no need of an expressed consideration; and whatever was said by the learned judge in delivering the judgment of the court in that case, as to the construction of the statute of frauds, was not required for the decision of the case. I confess that since the legislature has inserted the additional language to which I have referred in this branch of the statute of frauds, I cannot come to the conclusion that it is complied with by any thing short of stating or expressing the consideration in the note or memorandum. If that is left for conjecture or inference, the statute is not complied with, and the writing is void. I cannot avoid the conclusion that it was the design of the legislature to adopt the construction by express provision

which had been given to the British statute in *Wain* v. *Warl-ters*, and the other cases which followed it in the English courts, and to our former statute, in the case of *Sears* v. *Brink*, by this court. It was so considered by this court in *Newcomb* v. *Clark*, (1 *Denio*, 226 ;) the contract there being held void for want of the expression of a consideration for the promise stated. The judgment must be reversed.

Judgment reversed.