## SPICER *vs.* NORTON.

This court having succeeded to, and being a continuation of, the former supreme court, the decision of the former court ought to be considered as far binding upon this court as are its own previous decisions.

And where a question which has been decided by the former court, comes before this court, in the same case, the previous decision should be regarded not only as authority on the point of law adjudged, but as the law of the case.

The defendant, on transferring to the plaintiff a promissory note made by N., ex-

Spicer *v.* Norton.

ecuted the following guaranty: "I have this day conveyed a note to J. E. S. against D. G. for $117,39, dated, &c. which note I hold myself accountable for the payment thereof, on condition the said J. E. S. uses proper exertion to collect the same." *Held* that the instrument was substantially a guaranty of collection, and not a guaranty of payment. That, not being a promissory note, but a special promise to answer for the debt of another person, it was void by the statute of frauds, because it did not express the *consideration*, upon its face. HARRIS, J. dissented.

*Held also*, that the word "conveyed" did not import a consideration, as being equivalent to the word "sold." And that it neither expressed nor implied that any thing was paid, or promised to be paid, for the conveyance of the note.

*Held further*, that the instrument was not to be construed as an engagement to pay the guarantor's own debt, in a particular way, within the decision in *Brown* v, *Curtiss*, (2 *Comst.* 225.)

THIS was an action of assumpsit brought to recover on a guaranty; it was tried at the Rensselaer circuit before Justice Harris, in December, 1849. On the trial the plaintiff produced papers of which the following are copies:

"$117,34. One day after date, I promise to pay David Norton or bearer, one hundred and seventeen dollars and thirty-four cents with use, value received. Troy, September 26, 1838.

DAVID GLEASON."

"Pittstown, August 19, 1839. I have this day conveyed a note to John E. Spicer against David Gleason for $117,39 cents, dated September 26th, 1848, which note I hold myself accountable for the payment thereof, on condition the said John E. Spicer uses proper exertion to collect the same.

DAVID NORTON."

The plaintiff then called the defendant as a witness, who proved that on the 19th of August, 1839, he bought from the plaintiff a note made by William Lawton and Iram Manchester for $500, and paid the plaintiff in part by this note against Gleason and part in money, and that at the time he conveyed this note to the plaintiff he executed to him the above guaranty. The evidence of the consideration of the guaranty was objected to by the defendant's counsel as incompetent and inadmissible. The note and guaranty were then read in evidence.

The plaintiff then introduced evidence tending to show that

Gleason was largely indebted and insolvent, and that he died insolvent about the middle of November, 1839. One of the witnesses however stated on cross-examination, that Gleason had from $150 to $200 worth of furniture exempt from execution.

The plaintiff rested, and the defendant's counsel moved for a nonsuit on the following grounds, 1st. Because the instrument in writing, given in evidence by the plaintiff, dated August 19th, 1839, was variant from the instrument described in the declaration, in that the plaintiff, in his declaration, alledged that the defendant promised to guaranty the payment of the note; whereas the instrument proved, only contained an agreement on the part of the defendant to hold himself accountable, on condition that the plaintiff should use proper exertions to collect the note; and because, in the plaintiff's declaration, the consideration of the defendant's promise was averred to be the payment, by the plaintiff to the defendant, of the sum of one hundred and twenty-four dollars and seventy cents; whereas, by the evidence it appeared that the consideration of the promise was the promissory note of Lawton and Manchester, sold by the plaintiff to the defendant. 2d. Because the instrument was a collateral undertaking for the debt, default or miscarriage of Gleason, a third person, and was void, because it expressed no consideration. 3d. Because the instrument was only a guaranty of collection, and was void; no consideration being expressed on its face. 4th. Because nothing short of a prosecution of a suit upon the Gleason note, with due diligence, and a failure to collect by execution, duly issued, would be a compliance with the condition of the guaranty; and, further, that it had not been shown by the plaintiff that no proper exertion would have resulted in the collection of the Gleason note. 5th. Because it appeared from the proof that Gleason had, at the time of his death, property enough, not exempt from execution, to pay the note, there being plenty of time between the 19th of August, 1839, and the death of Gleason in November, 1839, to obtain judgment and execution. 6th. Because the testimony of Norton in relation to the sale of the note and the consideration of the sale, being excluded, as it should be, the proof of the consideration of the plaintiff's promise fell to the

ground, and the plaintiff's cause of action declared upon, failed. 7th. The defendant having sold the Gleason note to the plaintiff without fraud or misrepresentation, and none being pretended or shown, the plaintiff could not recover the price paid for the Gleason note.

The judge said that in his opinion the guaranty in question expressed the consideration upon which it was given; but as it was conceded by the counsel that the late supreme court held otherwise, when this case was before them on demurrer, in January, 1848, he should so hold, and accordingly directed a non-suit, to which the plaintiff excepted.

*H. P. Hunt*, for the plaintiff.

*Job Pierson*, for the defendant.

PARKER, J.   It is conceded by counsel that the late supreme court decided, when this cause was before it on demurrer in January, 1848, that the guaranty was void by the statute of frauds because it did not express the consideration upon its face.   It seems the original declaration to which the demurrer was put in, counted on a consideration alledged to appear on the face of the instrument.   Judgment on the demurrer being rendered against the plaintiff, with leave to the plaintiff to amend, the declaration was so amended as to make it necessary to plead to it, and on the trial at the circuit, the same question was again presented as to the validity of the guaranty.

1. In the first place I think the decision of the late supreme court conclusive against the plaintiff.   As this court succeeded to and is a continuation of that court, its decisions ought to be considered as far binding on this court as are the previous decisions of this court.   The precise question decided on demurrer is again before us.   It should be regarded not only as authority on the point of law adjudged, but more than that, as the law of the case.

2. The instrument in question was substantially a guaranty of collection.   It was not a guaranty of payment.   It did not

therefore fall within that class of cases which hold a guaranty of payment to be a promissory note and thus to import a consideration and fall without the statute of frauds. (*Manrow* v. *Durham*, 3 *Hill*, 588. *S. C.* 2 *Comst.* 533. *Leggett* v. *Raymond*, 6 *Hill*, 641.)

And not being a promissory note, but a special promise to answer for the debt of another person, it is void by the statute of frauds, unless the consideration be therein expressed. (2 *R. S.* 135, § 2. *Hunt* v. *Brown*, 5 *Hill*, 145. *Newcomb* v. *Clark*, 1 *Denio*, 226.)

The form of expression is not material. It is enough (said Ch. Justice Tindal in 1 *Bing. N. C.* 761,) if it be such "that any person of ordinary capacity must infer from the perusal of it, that such and no other, was the consideration upon which the undertaking was given." On this subject see *Bennett* v. *Pratt*, (4 *Denio*, 284,) and the cases there cited. It was argued before us that the word "conveyed" in this guaranty imported a consideration, and it was claimed to be equivalent to the word "sold." But I do not so understand its meaning. Webster defines it as signifying "to carry, to bear, to pass, to transfer; to pass a title to any thing from one person to another as by deed, assignment or otherwise." I may convey a farm without any consideration. The word is used in this instrument as synonymous with "transfer," and certainly a promissory note may be conveyed or transferred without consideration. It passes by delivery and may be by gift. In *Newcomb* v. *Clark*, (1 *Denio*, 226,) it was held that the word "agree," in a contract, did not import a consideration. In that case, as in this, the question was whether there was a consideration expressed, so as to take a promise to pay the debt of a third person, out of the statute of frauds. I think the word "convey" neither expresses nor even implies that any thing was paid or promised to be paid for the conveyance. If this is so, the guaranty is void, and cannot be enforced.

It is also contended that this guaranty was not a promise to answer for the debt of another person, but an engagement to pay the guarantor's own debt, within the decision in *Brown* v.

*Curtiss,* (2 *Comst.* 225.) In that case Curtiss held a promissory note against Chester Brown for borrowed money. Chester Brown wished Curtiss to take, in place of his own note, the note of G. F. Brown. Curtiss told Chester Brown " I know nothing of the maker's circumstances, but if you will guaranty the note I will take it," and thereupon the following guaranty was executed, on the back of the note. " I guaranty the payment of the within, Chester Brown." The exchange of notes was made accordingly. A majority of the court of appeals held that the guaranty was not within the statute of frauds, but an engagement to pay the guarantor's own debt in a particular way, and would have been good without any writing. Judges Jewett and Gardiner dissented. That decision was put upon the ground that the note was turned out to apply on an existing debt. Bronson, J. said " the defendant was a debtor to the plaintiff, and gave the note with the guaranty to satisfy that debt;" and Strong, J. said, " If he (the guarantor) intends, by the payment of the note which he guarantees, to discharge a distinct obligation of his own, *not originally at all connected with* or having reference to the note, then he in effect contracts for himself, and his undertaking is original, and not within the statute, and no consideration need be expressed in the guaranty. If the decision in *Brown* v. *Curtiss* can be sustained at all, it is only upon the ground that the turning out of a note of a third person with a guaranty to the creditor of the guarantor was of itself no payment of the original indebtedness of the guarantor. And I see no reason why the creditor may not recover on the original consideration in such case, when it was not agreed that the note turned out should be received in payment, and at the risk of the creditor. But beyond this, I think the court will not go in evading the statute of frauds.

In the previous case of *Johnson* v. *Gilbert,* (4 *Hill,* 180,) it is not clearly stated whether the note on which the guaranty was indorsed was transferred to apply on a pre-existing indebtedness of the guarantor, but from the reasoning of the judge who pronounced the opinion it may fairly be inferred that such was the fact. The case before us does not fall within the do-

cision in *Brown* v. *Curtiss*. It presents a case of a sale of a note to the plaintiff; or what is the same thing, in legal effect, an exchange of notes of third persons. It stands upon the same footing as an exchange of horses or any other personal property. There is certainly no implied warranty on the sale of a chattel or a chose in action, except a warranty of title, and there has been no breach of such a warranty. The case of *Markle* v. *Hatfield*, (2 *John.* 455,) cited by the plaintiff's counsel, is inapplicable. That was a case where payment was made in forged paper. If the defendant is liable at all it must be on an express warranty; for such in effect is the guaranty indorsed on the note. But that being in violation of the statute, in not expressing the consideration, is void.

The case of *Leonard* v. *Vredenburgh*, (8 *John.* 38, 39,) cited by Judge Bronson in *Brown* v. *Curtiss*, was decided under the former statute of frauds, and is in some respects inapplicable under the present statute. It is not now enough that " there was a new and distinct consideration independent of the debt of the maker and one moving between the parties to the new promise." The writing must now *express the consideration.*

It is none the less a promise to answer for the debt of another, because there is a new and distinct consideration for the promise. Independent of the statute, such consideration would be necessary to the validity of the contract; the statute superadds the requirements that the promise be in writing expressing the consideration and subscribed by the party. By making the additional requirement it assumes that notwithstanding the new consideration, it is still a promise to pay the debt of a third person.

When the holder of a promissory note sells it and guarantees its collection or its payment, it can with no propriety be said that his guaranty is only a promise to pay his own debt in a particular way. He owes no debt. He has sold the debt of a third person, and his promise has reference to such debt alone. If it is made according to law, it may be enforced. If not it is void. The parties chose their own language, by which they said in plain terms that the promise was to pay the debt of a

Spicer *v.* Norton.

third person and not the debt of a guarantor. We are not at liberty to alter it.

Suppose a note is sold for half the amount secured by its face, with a guaranty of collection indorsed, like this, defective in not stating the consideration. If a suit on the guaranty can be sustained on the assumption that the guaranty is but a promise to pay the guarantor's own debt, it would entitle the person who bought the note to recover against the guarantor the full amount secured by it, because the guaranty was for the full amount of the note. The absurdity of such a result is a test of the erroneousness of the principle. If the guarantor owes any debt, which I deny, it could not certainly exceed the amount of money received by him on the sale; beyond that I think every one will concede, his promise made him merely surety for the maker of the note. It is high time to stop making new contracts for parties in violation of their intentions as well as of their language, for the purpose of giving effect to a contract declared void by statute.

If the view I have taken of this case is correct, it is unnecessary to examine the other point made on the argument, viz.: that the guaranty being made on the special condition that the plaintiff should use proper exertion to collect the same, he was bound to show such exertion before he could maintain a suit.

I think the judge decided correctly in nonsuiting the plaintiff, and that a new trial should be denied.

WRIGHT, J concurred.

HARRIS, J. dissented.

New trial denied.

[ALBANY GENERAL TERM, February 2, 1852. *Parker, Wright* and *Harris,* Justices.]