Rosenbaum *v.* Gunter.

### SIMON ROSENBAUM *v.* HERMAN H. GUNTER.

A covenant as surety for the payment of rent, written upon the back of the tenant's agreement, is valid, although no consideration for such covenant or guaranty is *in terms* therein stated.

The *seal* itself is a sufficient consideration to satisfy the statute of frauds.

Whether, by the law of this state, a consideration must be expressed in an endorsement, without seal, upon an agreement, whereby the performance of the latter is guaranteed; *quere?*

THIS action was brought by a landlord to recover rent due from a tenant upon an ordinary agreement to let. The defendant was sued as surety, upon a covenant written upon the back of the tenant's agreement, as follows:

"I hereby become surety for the punctual payment of the rent and performance of the covenants in the within agreement mentioned, to be paid and performed by A.; and if any default should be made therein, I hereby promise

and agree to pay to S. Rosenbaum such deficiency, and fully satisfy the conditions of the said agreement, without requiring any notice of non-payment or proof of demand being made.

"Given under my hand and seal, the 27th day of April, 1853.

"H. H. GUNTER."            [L. S.]

Judgment was given in the Marine Court for the plaintiff. The defendant appealed.

*William Norton*, for the appellant.

*Richard M. Harrington*, for the respondent.

BY THE COURT. WOODRUFF, J.—If the decision of this appeal depended upon the inquiry, what is to be deemed the law of this state in regard to the necessity of expressing a consideration in *an endorsement*, without seal, *upon an agreement*, by which the performance of the latter is guaranteed; and if, for this purpose, it was necessary to harmonize the decisions from *Parker* v. *Wilson*, 15 Wend. 343, down to *Manrow* v. *Durham*, 2 Comst. 583; *Hall* v. *Farmer*, Ib. 553; *Brown* v. *Davis*, Ib. 225, we might well despair of attaining a satisfactory result.

But in this case the instrument of guaranty is under seal; and the act of sealing so far expresses consideration in a legal sense as to be deemed a compliance with the statute. Such was the view expressed in the opinion in *Douglass* v. *Howland*, (24 Wend. 45,) in which Judge COWEN says, "We have held, again and again, that a *seal expresses* a consideration within the meaning of the statute." This distinction was approved in *Bennett* v. *Pratt*, (4 Denio, 286;) and by Chief Justice BRONSON, (who contended most strongly for a less liberal construction of the statute than his associates, in most of the recent cases,) in *Thompson* v. *Blanchard*, (3 Comst. 341.)

This disposes of the only ground of appeal mentioned in

the notice of appeal, or in the argument of the appellant's counsel, or upon which a non-suit was urged in the court below.  Had it been insisted, that the plaintiff did not prove enough to make the defendant liable upon his guaranty, it may be doubtful whether the plaintiff could recover without some proof of the tenant's default; but that question does not now arise.  The judgment should be affirmed.

Judgment affirmed.