## MORGAN a. REID.

*Supreme Court, Second District; General Term, Sept.,* 1858.

PARTIES.—TRUSTEE OF EXPRESS TRUST.

A person who as agent executes a contract which does not disclose the name of his principal—*e. g.,* a lease signed A., as agent for the owner—is a trustee of an express trust, within the meaning of section 113 of the Code, and may maintain an action on the contract in his own name.

*It seems,* that in case of such a contract, either the principal or the agent may maintain an action.

It is not ground of setting aside a verdict that evidence was rejected at one stage of the trial, the material points of which were afterwards admitted.

Appeal from a judgment of the County Court of Kings county, affirming the judgment of a justice's court.

This action was brought in a justice's court in the city of Brooklyn, to recover rent. The plaintiff had judgment, and the defendant appealed to the County Court of Kings county, where the judgment was affirmed. The defendant now appealed to the general term of the Supreme Court.

The complaint in the action was as follows:

"The plaintiff complains of the defendant, and says, that the said defendant is indebted to him for rent of the two-story frame cottage house, situated on the west side of Ewen-street, between Grand and Powers streets, in the city of Brooklyn, by a written agreement or lease, executed by and between the said plaintiff and defendant, to which plaintiff refers, and will produce on the trial hereof, by which agreement the plaintiff, as the agent of the owner, and for his benefit, let unto the defendant the said premises, and the defendant rented the same of the plaintiff for the term of one year, to commence May 1st, 1856, and to end May 1st, 1857, at the yearly rent of one hundred and eighty dollars, payable quarterly, at the office of the plaintiff, in bankable money; under and by virtue of which agreement the defendant went into possession of and occupied said premises for the term aforesaid, and has paid therefor but forty-five dollars, one quarter's rent, and there is remaining due the remaining

three quarters rent, less the sum of thirty dollars received from another tenant, by virtue of a provision in said lease, empowering the plaintiff to re-let said premises in case the same should be left vacant at any time ; to wit, one hundred and five dollars. Wherefore, he demands judgment against defendant for one hundred dollars and costs."

The defendant, for answer, put in a general denial, and set up that the plaintiff was not the real party in interest, and that the action should have been brought in the name of Mr. Mason, owner and landlord ; also, eviction by the landlord ; also, a claim to recoup all rent that might be due on the 1st of October, 1857, by damages suffered by the house not being in tenantable repair before that time.

The following is a copy of the agreement, omitting immaterial portions :

" This agreement made the fourteenth day of April, in the year one thousand eight hundred and fifty-six, between William Morgan, agent for the owner of the first part, and Alfred Reid, of the second part, witnesses that the said party of the first part hath agreed to let, and hereby does let to the said party of the second part, and the said party of the second part hath agreed to take, and hereby does take from the said party of the first part, the two-story frame cottage house, situate on the west side of Ewen-street, between Grand and Powers streets, in the city of Brooklyn, to be occupied by the party of the second part as a dwelling for himself and family, for the term of one year, to commence on the first day of May, 1856, and to end on the first day of May, 1857, and the said party of the second part hereby covenants and agrees to pay unto the said party of the first part, the yearly rent or sum of one hundred and eighty dollars ($180), payable quarterly, in bankable money, at the office of the said William Morgan, and to quit and surrender the premises at the expiration of the said term in as good state and condition as they were in at the commencement of the term, reasonable use and wear thereof, and damages by the elements excepted."

[Here followed covenants on the part of the tenant respecting the use of the premises].

" And the said party of the second part further covenants and agrees to permit the party of the first part, or his agent, to enter

Morgan *a.* Reid.

upon the said premises at any time to make such repairs and alterations to the said premises, as he may think necessary to preserve the property, hereby devised, from decay or otherwise."

[Here followed the usual covenant respecting re-entry by the party of the first part if the premises were left vacant, or upon default in payment of rent.]

"In witness whereof, the parties to these presents have hereunto set their hands and seals the day and year first above written.

" WILLIAM MORGAN, for the owner.

[Sealed, &c.]      ALFRED REID."

*D. F. Easton*, for the appellant.—I. The action must be prosecuted in the name of the real party in interest. (*Code*, § 111, Wallace *a.* Eaton, 5 *How. Pr. R.*, 99.) Samuel Mason being the owner of the property, the action should have been in his name instead of in the name of Morgan, the agent, and the judge should have dismissed the complaint on that ground. (Bronson *a.* Gifford, 8 *How. Pr. R.*, 395; Erickson *a.* Compton, 6 *Ib.*, 471.) There is no reason here why the action might not have been brought in Mason's name.

II. The general rule is, that the action must be brought in the name of the party in whom the legal interest in such contract is vested, whether the contract was made in person or by agent. (1 *Burr. R.*, 59; 21 *Wend.*, 110; 1 *Chitt. Pl.*, 2, 6; 1 *East.*, 497; 1 *Sandf.*, 152; 2 *D. & R.*, 277; *Brown on Ac.*, 99, 106; 1 *Johns.*, 134; 13 *Ib.*, 496; 17 *Ib.*, 243; 1 *Wheat.*, 85; 5 *Wend.*, 191, 204; 9 *Ib.*, 233; 10 *Ib.*, 87, 156.)

III. In general a mere servant or agent with whom a contract is made on behalf of another, cannot maintain an action thereon in his own name (10 *Johns.*, 387; 2 *Hill*, 216; 3 *Ib.*, 72), even though his principal was not disclosed. (12 *Johns.*, 1; 14 *Ib.*, 466; 3 *Hill*, 72.)

IV. The agreement was not a contract made in the name of Morgan for the benefit of Mason, the owner, under § 113 of the Code. 1st. Because it appears from its contents that it is the landlord's act, and not that of Morgan. (*Story on Agency*, §§ 395, 396.) 2d. The statute does not apply to contracts of that description. It applies to those made by auctioneers, commission merchants, factors, and the like. (See 21 *Wend.*, 110.) 3d. Be-

cause Morgan would not have been held personally responsible here, for his agency was disclosed.

V. It appears from the evidence that Mason took the agency from Morgan, and, in fact, made a new contract with the defendant.

*Geo. H. Fisher*, for the respondent.—I. There is no evidence that the defendant was evicted by the landlord, or that the lease was surrendered by consent either of the landlord or his agent. The judgment should therefore be for the rent for the whole term of the lease, except as credited in the plaintiff's complaint.

II. William Morgan is the proper party plaintiff. (*Code*, § 113.) This contract is expressly made with Morgan for the benefit of the owner. The name of Mason, the owner, does not appear on the contract. It is signed by Morgan, not by Mason. The covenants are with Morgan, not with Mason. (See Grinnell *a.* Schmitt, 2 *Sandf.*, 706 ; Bogart *a.* O'Regan, 1 *E. D. Smith*, 590 ; People *a.* Norton, by the Court of Appeals, not reported ; cited in *Voorhies' Code* under § 113 ; Burbank *a.* Beach, 15 *Barb.*, 326.)

Independently of the provisions of the Code, William Morgan, and he alone, was the proper party plaintiff under such a contract as this lease. (Renaud *a.* Conselyea, 5 *Abbotts' Pr. R.*, 346, and cases cited.)

By the Court.—Emott, J.—This was an action for rent upon a written lease made by the respondent to the appellant. The respondent contracted in his own name, but described himself as "agent for the owner," and added to his signature the words "for the owner." The owner, for whom Morgan was agent, was undisclosed and unknown to Reid at the time, and all the engagements of the lease were made with Morgan individually.

The principal objection urged by the appellant is, that the action is improperly brought by Morgan, and should have been brought by the principal, one Mason. Before the Code, the rule in this State was, that actions upon express contracts in writing made by one person in his own name, but for the benefit of another, could only be brought in the name of the agent who made them, and that parol evidence was inadmissible to bring a new

party into the contract. (Newcomb a. Clark, 1 *Den.*, 226.) The party for whose benefit the contract was made, must use the name of the party with whom it was made, unless the contract itself was in terms negotiable. The addition of the words "agent for the owner," as in the agreement in question here, could not have modified this rule, especially when the owner or principal was undisclosed and unknown.

If the Code has modified the rule so as to permit a suit by the principal in his own name, in all such cases as was held by the general term, in the sixth district, in Erickson a. Compton (6 *How.*, 471), it has not taken away the right of action in the name of the agent with whom the contract is made. Such cases are within the scope of section 113, and the definition there given of a "trustee of an express trust," includes in terms such a case as that of the present plaintiff. In the case of Erickson a. Compton, Judge T. R. Strong, in delivering the opinion of the court says, that the Code has given an election in such cases, to sue in the name of the party contracting, or the party in interest. I am satisfied that this is the fair construction of the provisions of the Code which bear upon the question. This disposes of the principal objection in the court below.

The defence set up in the answer, besides a general denial, was, that the suit was improperly brought by Morgan, an eviction by the landlord, and a claim for damages by reason of the premises being untenantable or out of repair.

It may be observed, however, that the lease contained no agreement for repairs by Morgan or his principal. The defendant offered to prove that Mason, the owner of the property, took charge of it before the expiration of the lease, by doing repairs on the house, and also that he took upon himself the collection of rent under the agreement. These offers were excluded at the time, but subsequently the conduct of Mason, the owner, in reference to repairs, was fully gone into the evidence, and the questions of the condition of the house and of eviction submitted to the jury upon the testimony of both the parties to the suit. I do not perceive the materiality of showing that Mason collected or sought to collect the rent in person, unless to let in the proof upon the issue of eviction, or the condition of the property. It is alleged that he waived this agreement of his agent, and made a new one, but there was no offer to show this

Besides, his demand of rent upon the former contract would not go to prove its abandonment; and in addition to this, his conduct in reference to the matter was fully proved, as I have already said, and the defendant had the benefit of any defence arising from an interference with his rights by Mason. Upon the questions thus submitted to the jury, we certainly should not be justified in interfering with their verdict.

The judgment should be affirmed.

---

## MILHAU *a.* SHARP.

*Supreme Court, First District; General Term, October,* 1858.

### CAUSE OF ACTION.—INJUNCTION.

An individual owner of real property, upon the public street of a city, may maintain an action to enjoin the construction there of a railway, which would be a nuisance.

Where a nuisance occasions, or is likely to occasion, a special injury to an individual, which cannot be compensated in damages, it may be enjoined, at the suit of such individual.

Appeal from judgment of the special term.

The complaint in this cause was filed by the plaintiffs, stating that they were owners of lots on Broadway, with buildings erected thereon, and doing business therein. That the defendants were about to construct a railway therein, without legal authority, and that such railway would be specially injurious to them.

The judge at *special term,* before whom the case was tried, found as matter of fact: 1. That the plaintiffs are severally owners and occupants of buildings fronting upon said street, and of the lots of land upon which said buildings are erected, as particularly set forth in the complaint, and have been such owners and occupants for several years last past. 2. That the establishment of a railroad in Broadway, aforesaid, will be specially injurious to the said property of the plaintiffs.

Upon this finding a judgment was entered, perpetually enjoin-