## CHARLES KNOX v. FURMAN T. NUTT.

The defendant, the clerk of the plaintiff, who was a hatter, told the latter that
if any of his personal friends bought hats on credit, he would pay for them
if they did not. The defendant sold hats to his friends which were charged
to them on plaintiff's books.—*Held*, that the promise of the defendant was
collateral, and within the statute of frauds, and therefore void.

APPEAL by the plaintiff from a judgment of dismissal grant-
ed by the First District Court, on the ground that the promise
on which the action was brought was within the statute of
frauds.

The facts sufficiently appear from the opinion of the Court.

*George W. Stevens*, for appellant.

*E. W. Dodge*, for respondent.

BY THE COURT.—BRADY, J.—The plaintiff is a hatter, and
employed the defendant as clerk. The defendant told the
plaintiff that if any of his personal friends bought hats on
credit he would be responsible—that he would pay if they did
not. The defendant sold hats to his friends, which were
charged to them, and they were never discharged from their
obligations. The Justice held the engagement or promise of
the defendant collateral, and within the statute of frauds. The
decision was correct. The persons to whom it is alleged the
defendant sold hats were primarily liable to the defendant.
He charged the hats to them. The whole credit was not
given to the defendant. The whole responsibility did not rest
upon him, and the promise was therefore collateral and void.
*Leonard* v. *Vredenbergh*, 8 J. R. 23, and Cases collected in
a note to that case; *Brown* v. *Bradshaw*, 1 Duer, 199; *Car-*

*ville* v. *Crane*, 5 Hill 483 ; *Newcomb* v. *Clark*, 1 Denio 226 ; *Brady* v. *Sackuder*, Sandf. 514 ; *Pennel* v. *Pentz*, 6 E. D. Smith 639 ; *Dixon* v. *Frazel*, 1 E. D. Smith 32 ; *Brewster* v. *Silence*, 4 Selden 207.

In *Newcomb* v. *Clark, supra,* the defendant signed a paper in these words : " Mr. Henry Peters—I hereby agree to pay to you the rent of the part of the house hired of you by Mr. John Ward, in case he fails." The promise was held void, though in writing, the consideration not being expressed. The case in hand cannot be distinguished in principle from that case.

The judgment should be affirmed.